BARNES, J.,
 

 for the Court.
 

 ¶ 1. This case comes on appeal from the Circuit Court of Hinds County of the capital mur.der convictions and sentences of life imprisonment without parole
 
 [1]
 
 of Ski-lah Anderson, Corey Bryant and Garner Brister, Jr. Anderson and Bryant were also convicted of armed robbery and sentenced to life imprisonment without parole to run concurrently with the other life sentence. From these convictions, Anderson, Bryant, and Brister, now appeal. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On June 25, 2002, Skilah Anderson (age seventeen), Corey Bryant (age nineteen), and Garner Brister, Jr. (age sixteen) traveled in Brister’s car to Gun Works, Inc. (Gun Works), which was located on Raymond Road in Jackson, Mississippi. Once there, they circled the store a few times and then parked behind the store. Bryant entered Gun Works, followed quickly by Anderson. Upon entering, Bryant confronted Paul Robinson, an employee, and shot him. While Bryant and Anderson were gathering guns and ammunition, Charles Withers, a customer, entered the store to have a gun repaired. Bryant and Anderson pointed their guns at Withers, made him get down on the floor, and stole his wallet and cell phone. Bryant and Anderson loaded Brister’s car with the stolen merchandise, which was in a pillowcase and some boxes, and went to Brister’s house. Withers, in the meantime, went to find Robinson, whom he found on the floor unresponsive. Withers contacted the police who quickly arrived on the scene. Robinson was transported to the hospital where he was pronounced dead.
 

 ¶ 3. Later that day, Officer Gary Moore received a tip from an informant that some stolen guns were being sold in one of the parks in the downtown area of Jackson. Upon arrival, he briefly questioned Anderson, who was at the scene, but let him go. The next day, Officer Moore went to Anderson’s home to question him regarding the Gun Works incident. Again, Officer Moore left telling Anderson he would likely be back for more questioning. Officer Moore later returned to Anderson’s home and asked to take him to the police station for further questioning. After Anderson was in the patrol car, he stated to Officer Moore that he knew he was in trouble but he was not the shooter. At this point, Officer Moore testified that he contacted his supervisor, gave Anderson his
 
 Miranda
 
 rights and transported Anderson to the precinct. At the station, Anderson gave a statement to detectives regarding his participation in the Gun Works robbery. It was during this line of questioning that the police learned of Bryant’s involvement and the location of some of the stolen merchandise. Bryant was then brought to the police precinct for questioning. Bryant gave a statement in which he confessed to his participation in the Gun Works robbery. The police, based on the information they received, retrieved a stolen weapon from the home of LaShaun Jones. Jones told the police, and later testified at trial, that he had obtained this weapon from Brister. The police brought Brister in the next day for questioning. Brister gave a statement re
 
 *1093
 
 garding his involvement in the robbery which stated that he only drove the getaway car and never entered the store.
 

 ¶ 4. Anderson, Bryant, and Brister were each indicted for violations of Mississippi Code Annotated sections 97-3-19(2)(e) (Rev.2000) (capital murder) and 97-3-79 (Rev.2000) (armed robbery). Motions for severance were filed shortly before trial which the trial judge denied.
 
 [2]
 
 Bryant also filed a motion to suppress the confessions by all three defendants. A motion to reconsider severance was made by Bryant on July 15, 2004. The motion to reconsider severance and the motion to suppress were both denied during the pre-trial hearing. On July 19, 2004, Bryant, Anderson, and Brister were tried jointly on one count each of capital murder of Paul Robinson and one count each of armed robbery of Charles Withers. At trial, the jury found Anderson and Bryant guilty of capital murder and armed robbery. Brister was also found guilty of capital murder, but not guilty of armed robbery. The trial judge sentenced Anderson and Bryant to life without the possibility of parole for both counts, with both sentences to run concurrently. Brister was sentenced to life without the possibility of parole. Anderson, Bryant and Brister, now appeal from these convictions.
 

 I. WHETHER THE TRIAL COURT ERRED IN ITS REFUSAL TO SEVER THE TRIAL.
 

 ¶ 5. As Anderson, Bryant, and Bris-ter all assert in their briefs that the trial court’s denial of the motions to sever trial was error, we will address the denial as a single issue applicable to all three appellants.
 

 ¶ 6. A trial court’s denial of a motion to sever a trial will not be overturned absent abuse of discretion.
 
 King v. State,
 
 857 So.2d 702, 716(¶ 19) (Miss.2003). Rule 9.03 of the Uniform Circuit and County Court Rules states, “[t]he granting or refusing of severance of defendants in cases not involving the death penalty shall be in the discretion of the trial judge.” The Mississippi Supreme Court has stated that “[w]hen the evidence at trial goes equally to the guilt of both defendants, and not to one more than the other, it is not error to try the defendants jointly.”
 
 King,
 
 857 So.2d at 716 (citing
 
 Johnson v. State,
 
 512 So.2d 1246, 1254 (Miss.1987)).
 

 ¶ 7. In a joint trial where the accused moves for severance because the prosecution intends to introduce a confession given by a co-defendant, implicating the accused, the trial judge should require the State to elect among a joint trial in which the statement is excluded, a joint trial in which the statement is admitted, but the portion implicating the accused is deleted, or agree to a severance.
 
 Walker v. State,
 
 430 So.2d 418, 421 (Miss.1983). In the case before us, the trial court redacted the confessions by all three defendants to eliminate any reference to their co-defendants by name. At trial, all three defendants objected to the introduction of the redacted statements of their co-defendants by a motion to suppress evidence, citing the issues raised in
 
 Bruton v. United States,
 
 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
 
 Bruton
 
 states that there are instances where redaction and limiting instructions are not an “adequate
 
 *1094
 
 substitute for petitioner’s constitutional right of cross-examination.”
 
 Id.
 
 at 137, 88 S.Ct. 1620. However, under
 
 Gray v. Maryland,
 
 523 U.S. 185, 191, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), the United States Supreme Court outlined when the admission of a co-defendant’s confession will not violate the Confrontation Clause. The Confrontation Clause of the Sixth Amendment of the United States Constitution “is not violated by the admission of a nontesti-fying co-defendant’s confession” at a joint criminal trial, even though the defendant is linked to the confession by other evidence properly admitted against the defendant at the joint trial, in two circumstances: (1) when the co-defendant’s “confession is redacted to eliminate not only the defendant’s name, but any reference to his or her existence”; and (2) where the jury is given a proper limiting instruction not to use the co-defendant’s confession against the defendant.
 
 Id.
 

 ¶8. In the present case, while the defendants argued at the severance hearing that redactions would be insufficient, none of the defendants objected to any specific errors in the redactions. However, Brister argues in his brief to this Court that the redactions were insufficient due to the fact that Bryant’s statement used the term “we” which was suggestive of the other’s involvement. Not all confessions should be excluded, “only those confessions which are incriminating to the defendant on their face.”
 
 Bynum v. State,
 
 929 So.2d 324, 332(¶ 21) (Miss.Ct.App. 2005). Using the word “we” did not facially incriminate any of the other defendants. Further, had Brister presented his objection to the specific redactions at trial, it could have been cured. We find that he waived any challenge to the specific manner in which the redactions were made.
 

 ¶ 9. Bryant contends that failure to sever was error in that Brister’s and Anderson’s statements exculpate them and implicate Bryant. Our review of the statements of each defendant reveals that each admitted to a role in the events which resulted in the death of Robinson. Bryant admitted to having fired the gun and made no allegation that either of the other defendants fired the shot which killed Robinson. While the statements of Brister and Anderson do reflect more minor roles in the shooting, they do not exculpate the defendants, nor do they contradict the statement made by Bryant. Accordingly we find his argument without merit.
 

 ¶ 10. We conclude that the trial judge did not abuse her discretion in denying the motions to sever the trial and allowing the introduction of the redacted statements of the defendants. However, under
 
 Gray,
 
 we must also address a second element in order to determine whether the defendants’ rights under the Confrontation Clause were violated: adequacy of the limiting instruction.
 

 II. WHETHER THE TRIAL COURT GAYE PROPER LIMITING INSTRUCTIONS TO JURY REGARDING CONFESSIONS BY DEFENDANTS.
 

 ¶ 11. The standard of review for the grant or denial of jury instructions is that jury instructions are to be read together and taken as a whole with no one instruction taken out of context.
 
 Chandler v. State,
 
 946 So.2d 355, 360(¶21) (Miss. 2006). A defendant is entitled to have jury instructions given which present his theory of the case; however, the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
 
 Id.
 
 Mississippi Rule of Evidence 105, which addresses limited admissibility of evidence, offers limiting instructions as a cure in some instances where testimony
 
 *1095
 
 is introduced at trial which may affect one party but not the other.
 
 Buggs v. State,
 
 754 So.2d 569, 575(¶27) (Miss.Ct.App. 2000). In the case before us, the trial court redacted all mention of the co-defendants’ names in each of the defendants’ confessions and gave a limiting instruction to the jury. However, the limiting instruction in this case did not properly meet the requirements set forth by the United States Supreme Court in
 
 Gray.
 
 The limiting instruction in this case, Jury Instruction No. 7, read:
 

 The Court has allowed certain written statements of the defendants to be placed in evidence during this trial. Certain material was inappropriate for the jury’s consideration and had to be redacted (deleted) from some or all of these documents.
 

 You are instructed that you may not draw any inferences from the redacted material and that you shall not speculate or guess as to the contents thereof. You should wholly ignore such material, as it has no evidentiary value in this trial.
 

 We find the limiting instruction given here inadequate in that it did not instruct the jury only to consider the statement against the defendant who made it.
 
 See Gray,
 
 532 U.S. at 191, 121 S.Ct. 1446. Our review of the record reflects that none of the defendants made any objections to the limiting instruction given to the jury. In fact, the limiting instruction given at trial had been subject to modifications by counsel for Bryant. “Failure to make a contemporaneous objection waives the issue on appeal.”
 
 Swington v. State,
 
 742 So.2d 1106, 1112(1114) (Miss.1999). Therefore, the issue of the adequacy of the limiting instruction is procedurally barred from our review.
 

 ¶ 12. Although no objection was made at trial to the limiting instruction given to the jury, this issue evolved during appeal based upon the motion to sever. Accordingly, we requested supplemental briefing on this issue and now fully consider the parties’ arguments under the plain error doctrine. Such review “is necessary when a party’s fundamental rights are affected, and the error results in a manifest miscarriage of justice.”
 
 McGee v. State,
 
 953 So.2d 211, 215(¶ 8) (Miss.2007) (citation omitted). In order to determine if there is plain error, we must determine if the trial court “deviated from a legal rule, whether that error is plain, clear or obvious, and whether the error has prejudiced the outcome of the trial.”
 
 Id.
 
 (citations omitted).
 

 ¶ 13. In this case, we find that failure to instruct the jury not to consider the statements of the other co-defendants constituted a deviation from the clear legal rule set forth in
 
 Gmy.
 
 However, upon independent review of the record, we find no prejudice to the outcome of the trial, much less a “manifest miscarriage of justice.” We do not find that the jury could have only convicted any of the defendants based upon the statements of his co-defendants. Taken separately, the confession of each defendant is sufficient to evidence his participation in the capital murder of Robinson. According to Mississippi Code Annotated section 97-1-3, “[o]ne who aids, abets and assists in the commission of a crime is indictable and subject to the same punishment as a principal.”
 
 Anderson v. State,
 
 397 So.2d 81, 84 (Miss.1981) (citation omitted).
 

 ¶ 14. The issue which most closely identifies a possible misuse of the statements was raised by Anderson, who contended that there was no evidence that Robinson was placed in fear during the robbery. We find that only one confession, that of Bryant, presented evidence that Robinson may have been placed in fear for his life during the commission of
 
 *1096
 
 the robbery, which formed the underlying offense for the capital murder charge.
 
 [3]
 
 Mississippi Code Annotated section 97-3-73 (Rev.2006) states, “[e]very person who shall feloniously take the personal property of another, in his presence or from his person and against his will,
 
 by violence to his person or by putting such person in fear of some immediate injury to his person,
 
 shall be guilty of robbery.” (Emphasis added). In dealing with the element of fear “it must be the fear under duress of which the owner parts with possession.”
 
 Glenn v. State,
 
 439 So.2d 678, 680 (Miss. 1983) (quoting
 
 Crocker v. State,
 
 272 So.2d 664, 665 (Miss.1973)). Other than Bryant’s confession, no other evidence, either forensic or testimonial, was given to show any indication that Robinson was put in fear as the robbery was taking place. According to police reports, Robinson was shot in the back, and Withers entered after Robinson had already been shot. Anderson and Brister both stated that they were not present during the shooting and never saw Robinson. However, we must also consider the alternative element: the force or violence committed upon Robinson in the course of the robbery. To constitute robbery, it is not necessary that the person robbed must have been first in fear of his person or property; “[i]f the goods be taken either by violence, or by putting the owner in fear, it is sufficient to render the felonious taking a robbery.”
 
 McDaniel v. State,
 
 (8 S. & M.) 16 Miss. 401, 418 (1847). Separate from the individual confessions, evidence at trial showed that Robinson was shot during the robbery of Gun Works which satisfies the element of force against the victim. We additionally note that whether Robinson was conscious at the time that the property was taken is not relevant. There is nothing in Mississippi Code Annotated section 97-3-73 that suggests the victim must be aware that his or her personal property is being taken, and a victim’s lack of awareness due to a perpetrator’s actions does not take him outside of the robbery statute.
 
 Wheeler v. State,
 
 826 So.2d 731, 735(¶ 9) (Miss.2002).
 
 [4]
 

 ¶ 15. Although we find the limiting instruction to the jury was not sufficient under
 
 Gray,
 
 we find no prejudice or manifest injustice resulted as to any of the defendants. Each defendant gave sufficient evidence of his individual participation in the robbery of Gun Works in his separate statements to support a capital murder charge. Bryant admitted to firing four shots once he went into the store. Anderson, in his confession, stated that he went into the store and took several weapons from the store in a cardboard box. He also noted that he heard gun shots prior to entering the store. Brister’s confession showed that he drove two others to Gun Works and that when he heard the gun shots, he “kinda knew what they were doing.” He also admitted that he had heard others discussing robbing Gun Works prior to the robbery and that he was aware he was behind Gun Works when he parked. Aside from the defendant’s individual confessions, there was
 
 *1097
 
 also other evidence presented which showed that Robinson was subject to a violent act during the robbery. Therefore, we find that the submission of the limiting instruction, although inadequate, resulted in no prejudicial error.
 

 ¶ 16. We now review Anderson’s, Bryant’s, and Brister’s individual assertions of error, which have not been previously addressed.
 

 ANDERSON
 

 III. WHETHER COMMENTS MADE BY COUNSEL FOR BRISTER WERE PREJUDICIAL AND WARRANTED A MISTRIAL.
 

 ¶ 17. During the closing arguments before the jury, counsel for Brister said, “[a]nd I think you would agree with me that your verdicts on Corey Bryant and Skilah Anderson are pretty easy. You know that they are guilty.” Anderson’s counsel objected to the statement, and the trial court sustained the objection. However, when counsel for Anderson moved for a mistrial, the trial judge denied the motion, stating that she had already instructed the jury to disregard the attorney’s statements. “The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared,” and if no “serious and irreparable damage” has resulted, the trial judge should admonish the jury at that time to “disregard the impropriety,” which the judge did in this instance.
 
 See Carpenter v. State,
 
 910 So.2d 528, 534(¶ 23) (Miss.2005) (citing
 
 Roundtree v. State,
 
 568 So.2d 1173, 1177 (Miss. 1990)). Therefore, we find no merit in Anderson’s claim and affirm the trial court’s refusal to grant a mistrial based on statements made during closing arguments.
 

 IV. INEFFECTIVE ASSISTANCE OF COUNSEL.
 

 ¶ 18. Anderson claims that he was prejudiced by trial counsel’s failure to request an instruction on simple murder and the lesser-included offense of robbery, which is grand larceny. To succeed on a claim of ineffectiveness of counsel, it must be shown that “counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.”
 
 Ross v. State,
 
 954 So.2d 968, 1003(¶77) (Miss.2007) (citation omitted). The time-honored test for claims of ineffective assistance of counsel was set forth in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a defendant must show the counsel’s performance was deficient.
 
 Id.
 
 at 694, 104 S.Ct. 2052. To establish deficient performance, the defendant must show that counsel’s representation fell below an objective standard of reasonableness.
 
 Ross,
 
 954 So.2d at 1003(¶ 78). Second, “a defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the trial would have been different.”
 
 Id.
 

 ¶ 19. Anderson’s argument regarding ineffective assistance of counsel parallels his contention regarding the lack of evidence that Robinson had been placed in fear during the course of the robbery. As previously stated, if a taking of property is effectuated by violence or force upon the victim, such action is sufficient to constitute a robbery.
 
 McDaniel,
 
 16 Miss. (8 S. & M.) at 401. Accordingly, as Anderson was an admitted participant in the robbery of Gun Works, we find there was sufficient evidence presented to support a conviction of capital murder against Anderson. Therefore, we cannot find deficient performance on the part of Anderson’s counsel.
 

 
 *1098
 
 V. WHETHER THE SENTENCE IMPOSED BY THE TRIAL COURT CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.
 

 ¶ 20. Anderson asserts that his sentence of life imprisonment without parole was so harsh that it constituted cruel and unusual punishment. If a sentence is “grossly disproportionate” to the crime committed, it is “subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment.”
 
 Tate v. State,
 
 912 So.2d 919, 933(¶ 49) (Miss.2005) (citation omitted). Generally, if a sentence does not exceed the maximum term allowed by statute, we will not disturb it upon appeal.
 
 Stromas v. State,
 
 618 So.2d 116, 122 (Miss. 1993).
 

 Though no sentence is “per se” constitutional, this Court, in the context of our habitual statutes, as well as in sentencing other offenders, has recognized the broad authority of the legislature and trial court in this area and has repeatedly held that where a sentence is within prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual.
 

 Barnwell v. State,
 
 567 So.2d 215, 222 (Miss.1990) (citations omitted). Anderson’s conviction of capital murder carried with it the sentence of either life imprisonment, life imprisonment without parole, or death. The State did not request the death penalty against any of the three defendants.
 

 Miss.Code Ann. § 99-19-101(1) states in pertinent part that “upon conviction or adjudication of guilty of a defendant of capital murder or other capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death, life imprisonment without eligibility for parole, or life imprisonment.” Miss.Code Ann. § 47 — Y—3(l)(f) states “no person shall be eligible for parole who is charged, tried, convicted and sentenced to life imprisonment under the provisions of Section 99-19-101.” The reading of these statutes together indicate that a defendant on trial for capital murder may only be sentenced to death or life imprisonment without the eligibility of parole. According to § 47 — 7—3(l)(f), there is no longer the possibility of life imprisonment.
 

 Davis v. State,
 
 914 So.2d 200, 205(¶ 21) (Miss.Ct.App.2005) (citing
 
 Flowers v. State,
 
 842 So.2d 531, 556-57(¶77) (Miss. 2003)). Therefore, the only possible sentence for conviction of capital murder committed after July 1, 1994, other than the death penalty, would be life without parole, and the trial judge may impose this sentence without formally returning the matter to the jury for sentencing.
 
 Id.
 
 at 206(¶ 23). We find that Anderson’s sentence under his conviction of capital murder not only fell within the prescribed statutory limits but was the only sentence which could have been imposed; accordingly it does not constitute cruel and unusual punishment.
 

 BRISTER
 

 VI. WHETHER THE TRIAL COURT ERRED IN ITS FAILURE TO GIVE A THEORY OF DEFENSE INSTRUCTION WHICH UNDULY PREJUDICED BRISTER.
 

 ¶ 21. Brister asserts that it was error to deny his requested jury instructions D(Br)-12 and 12(a) as a defendant is entitled to have instructions on his theory of the case presented to the jury if there is foundation in the evidence.
 
 Graves v. State,
 
 761 So.2d 950, 956(¶ 18) (Miss.Ct.App.2000). “Jury instructions are to be read together and taken as a
 
 *1099
 
 whole with no one instruction taken out of context.”
 
 Heidel v. State,
 
 587 So.2d 835, 842 (Miss.1991) (citations omitted). A trial court may “refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.”
 
 Id*
 

 ¶ 22. Both jury instructions referred to by Brister set forth a theory of accessory-after-the-fact. “To warrant the lesser-included offense instruction, a defendant must point to some evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of the lesser-included offense.”
 
 Armstrong v. State,
 
 828 So.2d 239, 242(¶ 11) (Miss.Ct.App.2002) (citation omitted). While the trial court denied Brister’s admission of these specific jury instructions, it noted that instructions submitted to the jury set forth the test that if one of the elements of the capital murder charge was not met, the jury should find Brister not guilty. In addition, there was no evidence present to support such an instruction. Someone present at the commission of a criminal offense who aids, counsels, or encourages another in the commission of that offense is considered an “aider and abettor” and is equally guilty with the principal offender.
 
 Hoops v. State,
 
 681 So.2d 521, 533 (Miss.1996). “The primary distinction between the accessory-before-the-fact and an aider and abettor is the actual or constructive presence of the party. If a person was actually or constructively present at the offense, due to his participation he is an aider and abettor.”
 
 Id.
 
 (Citation omitted.) “One cannot be both a principal in the crime and an accessory after the fact”
 
 Id.
 
 at 534 (citations omitted). As already noted, Brister admitted in his statement that he drove two other men to Gun Works and, while waiting for them after they went inside, he heard gun shots. He also admitted to knowledge that the others had been planning the robbery prior to that day.
 

 ¶ 23. Brister also submits that the trial court should have given a circumstantial evidence instruction on his behalf. “When all of the evidence tending to prove the guilt of a defendant is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than guilt must be excluded in order to convict.”
 
 Ross,
 
 954 So.2d at 1009 (¶ 100) (citations omitted). However, if there is direct evidence before the jury, “then a circumstantial evidence instruction is inappropriate.”
 
 Id.
 
 (citing
 
 Ladner v. State,
 
 584 So.2d 743, 750 (Miss.1991)). Direct evidence can include confessions by defendants, including admissions to a person other than a law enforcement officer.
 
 Id.
 
 Brister voluntarily gave a statement admitting his participation in the Gun Works robbery to law enforcement.
 

 ¶ 24. Therefore, we find the trial court did not err by denying Brister’s jury instructions as there was no evidence to support such an instruction. We also find no error in denying a circumstantial evidence instruction as there was direct evidence presented linking Brister to the crime.
 

 BRYANT
 

 VII. WHETHER THE TRIAL COMMITTED REVERSIBLE ERROR WHEN IT PERMITTED A WITNESS TO IDENTIFY BRYANT AT TRIAL.
 

 ¶ 25. Bryant argues that Wither’s identification of him at trial was “highly prejudicial” as Withers was unable to identify Bryant during the confrontation two years prior to trial, and this constituted reversible error. “A trial court’s ruling on
 
 *1100
 
 the admissibility of a witness identification is reviewed for clear error.”
 
 Bell v. State,
 
 847 So.2d 880, 885(¶ 14) (Miss.Ct.App.2002) (citing
 
 Neil v. Biggers,
 
 409 U.S. 188, 200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)).
 

 ¶ 26. However, we agree with the State in its assertion that no such identification actually took place. Withers was asked if he recognized anyone in the courtroom in connection with the incident. Although he did say that he thought maybe Bryant was a participant, he went on to admit that he could not “identify them definitely to be honest.” “[T]he credibility of witnesses is not
 
 for
 
 the reviewing court, but only for the jury.”
 
 Sturdivant v. State,
 
 745 So.2d 240, 248(¶35) (Miss.1999). In this case, Bryant’s conviction was not a result of Wither’s statement that he thought Bryant may have been one of the robbers, but based on Bryant’s own admission of guilt. Therefore, we find that the trial judge did not commit reversible error by letting the witness attempt to give an in-court identification of Bryant.
 

 CONCLUSION
 

 ¶ 27. Although we find the trial court did not err in its denial of the motions to sever the trial, we do find that the judge failed to give appropriate limiting instructions to the jury regarding the defendants’ individual confessions. However, as this error did not result in a “manifest miscarriage of justice” to Anderson, Bryant or Brister, we affirm the convictions of Anderson, Bryant and Brister of the capital murder of Paul Robinson and Bryant’s and Anderson’s convictions of the armed robbery of Charles Withers.
 

 ¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF THE CONVICTIONS OF CAPITAL MURDER OF DEFENDANTS SKILAH ANDERSON, COREY BRYANT AND GARNER BRISTER, JR. AND SENTENCES OF LIFE IMPRISONMENT WITHOUT PAROLE; AND THE ARMED ROBBERY CONVICTIONS OF ANDERSON AND BRYANT AND SENTENCES OF LIFE IMPRISONMENT WITHOUT PAROLE TO RUN CONCURRENTLY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . The State never sought the death penalty against die tiiree defendants in this case.
 

 [2]
 

 . Bryant filed his motion to sever on June 25, 2004. Brister filed his motion for severance on July 2, 2004. We have nothing on record to note when or if Anderson filed a motion to sever. However, the court denied all motions to sever on July 13, 2004, basing its ruling on the fact the motions were not filed in a timely manner and there was no testimony exculpating any individual in the confessions.
 

 [3]
 

 . In Bryant's statement, he said that when they went into the store “the white man (Robinson) said 'oh s**t’ and he went for a gun.”-
 

 [4]
 

 . When a defendant has been found guilty by a jury, our appellate authority is limited, and the verdict should not be overturned if there is evidence in the record from which the jury could have found or reasonably inferred each element of the offense.
 
 Wade v. State,
 
 748 So.2d 771, 774(¶ 8) (Miss.1999). Anderson’s contention that he was entitled to a judgment notwithstanding the verdict based upon this issue is thus without merit. Similarly, his argument that Withers's inability to identify him at trial as one of the robbers entitles him to JNOV is also rejected. Anderson's confession identifies him as one of the robbers despite Withers’s inability to do so.