# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01292-COA

HENRY J. PARKER, JR. A/K/A HENRY            APPELLANT
JACKSON PARKER, JR. A/K/A HENRY
PARKER, JR.

v.

STATE OF MISSISSIPPI                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/12/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCED TO TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED, FOLLOWED BY TEN YEARS OF POSTRELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED - 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. After a trial held on February 11, 2014, a Harrison County jury convicted Henry

Parker Jr. of possession of a controlled substance with intent to distribute. The trial court sentenced Parker to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with ten years suspended. The trial court further ordered that "[u]pon release from incarceration, [Parker] shall be placed on three years reporting postrelease supervision with any remainder as non-reporting postrelease supervision." The trial court also ordered Parker to pay a $2,000 fine, court costs, restitution, and other assessments.

¶2. Parker filed a motion for a new trial or a judgment notwithstanding the verdict (JNOV), which the trial court denied. Parker now appeals, arguing that the trial court erred by allowing a drug analyst other than the one who performed testing on the substance to testify about the test results and provide his own conclusion that the substance was marijuana. Finding no error, we affirm.

**FACTS**

¶3. On September 18, 2010, Officer Pablo de la Cruz of the Harrison County Sheriff's Department stopped Parker on I-10 for driving carelessly. Officer de la Cruz inquired as to whether Parker had "any kind of problems," and Parker informed Officer de la Cruz that he had diabetes and had not eaten recently. Parker also stated that he left his insulin and blood meter in Texas. Officer de la Cruz offered to seek medical assistance and call an ambulance, which Parker refused.

¶4. As Officer de la Cruz talked with Parker, he noticed Parker acting nervously and fidgeting. Officer de la Cruz also noticed that there were empty food containers in the car, indicating that Parker had eaten recently. Parker informed Officer de la Cruz that he was

2

traveling from Houston, Texas, to Moss Point, Mississippi, for a church opening; but Officer de la Cruz observed no luggage in the back of the car. Officer de la Cruz then asked Parker for consent to search the car. Parker consented. After Parker signed the consent form, Officer de la Cruz opened the trunk of the rental car and saw nine cattle-feed bags, all full of what Officer de la Cruz believed to be marijuana.

¶5.    A grand jury indicted Parker for possession of a controlled substance with the intent to transfer or distribute, in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2015), and a trial was held on February 11, 2014. At trial, Parker testified that he was traveling to Moss Point to meet with various individuals about developing businesses in the area. Parker explained that he had made five and ten trips to meet with these individuals in Moss Point. Parker testified that the individuals he met with would rent a car for Parker to drive.

¶6.    Timothy Gross, a forensic analyst, and also the associate director and regional lab manager of the Gulf Coast Regional Crime Laboratory, testified regarding the testing of the substance found in Parker's car. Gross testified that he did not personally test the substance in the car; rather, he supervised Tasha Carnes, a scientist who was in training with the crime lab, in her testing of the substance. Gross signed off on Carnes's report, and he made the ultimate decision to identify the substance as marijuana, based on the data that was collected. Gross testified that the total weight of the marijuana was 91.7 kilograms. Carnes was not called to testify at trial.

¶7.    After the State rested its case-in-chief, the defense moved for a directed verdict.

Defense counsel argued that there was a

> question as to whether or not the lab tech who testified was the actual person who performed the test. In the event that he was not, then the evidence that it is in fact marijuana would be inadmissible. He said he supervised. I didn't seem to get a straight answer as to whether he conducted the test.

The trial judge denied the motion.

¶8.     The jury ultimately found Parker guilty of possession of a controlled substance with intent to distribute. The trial court sentenced Parker to twenty years in the custody of the MDOC, with ten years suspended, and three years of postrelease supervision. The trial court also ordered Parker to pay a $2,000 fine, court costs, restitution, and other assessments. Parker filed a motion for a new trial or JNOV, which the trial court denied. This appeal followed.

## STANDARD OF REVIEW

¶9.     "The standard of review regarding admission or exclusion of evidence is abuse of discretion. We will not reverse the trial court's evidentiary ruling unless the error adversely affects a substantial right of a party." *Newell v. State*, 49 So. 3d 66, 71 (¶9) (Miss. 2010) (citing *Mingo v. State*, 944 So. 2d 18, 28 (¶23) (Miss. 2006)). Constitutional issues are reviewed de novo. *Smith v. State*, 25 So. 3d 264, 269 (¶10) (Miss. 2009).

## DISCUSSION

¶10.   Parker argues that the trial court erred by allowing a drug analyst other than the one who performed testing on the substance to testify about the test results and provide his own conclusion that the substance was marijuana. Parker claims that as a result of this error, he was denied a fair trial, and that his Sixth Amendment right to confront witnesses against him

4

was violated. Parker alleges that without proof that the substance in his car was marijuana, the conviction against him cannot stand.

¶11.    At trial, the State called Gross to testify regarding the substance tested in connection with this case. Gross explained that as the manager of the lab, one of his duties is to train new laboratory scientists. Gross stated that "as a laboratory trainee reaches a certain point in their development, they need to actually examine samples, and it's my job to supervise those persons as they examine samples." Gross testified that Carnes, the new laboratory scientist in training, "assisted with [Parker's] case and assisted with the work in this case." Regarding the work performed on the substance in the present case, Gross testified that he "did not personally collect all the data. [He] supervised the analysis, and [he] made all of the decisions based on the data that was collected, and [he] made the identification. . . . [A]ll of the data and all of the work that was done [he] personally supervised." Gross stated that based on the data collected and the analysis performed, he identified the substance found in Parker's car as marijuana.

¶12.    The defense did not object to Gross's testimony at the time; however, at the close of the State's case-in-chief, the defense moved for a directed verdict, arguing that there was a "question as to whether or not the lab tech who testified was the actual person who performed the test." The trial judge denied the motion for a directed verdict, and Parker failed to preserve any objection to the trial court's admission of Gross's testimony at trial. The failure to make a contemporaneous objection bars the issue from being raised on appeal. *Rubenstein v. State*, 941 So. 2d 735, 751 (¶27) (Miss. 2006). We therefore review to

5

determine if plain error occurred by allowing Gross's testimony. *See Foster v. State*, 639 So. 2d 1263, 1289 (Miss. 1994) ("The defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal."); *see also Anderson v. State*, 5 So. 3d 1088, 1095 (¶12) Miss. Ct. App. 2007) (explaining the plain-error doctrine).

¶13.    The Mississippi Supreme Court has clarified:

> The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution guarantee a criminal defendant the right to confront and cross-examine the witnesses against him. U.S. Const. amend. VI; Miss. Const. art. 3, § 26. The United States Supreme Court has held that the Sixth Amendment Confrontation Clause bars the admission of testimonial statements made by a witness who does not appear at trial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine him. Though there is no exhaustive list defining testimonial statements, a document created solely for an evidentiary purpose ranks as testimonial. Forensic laboratory reports created specifically to serve as evidence against the accused at trial are among the core class of testimonial statements governed by the Confrontation Clause.

*Jenkins v. State*, 102 So. 3d 1063, 1066 (¶9) (Miss. 2012) (internal quotation marks and citations omitted); *see also Crawford v. Washington*, 541 U.S. 36, 53-54, 59 (2004).

¶14.    In *Jenkins*, 102 So. 3d at 1064 (¶3), the Mississippi Supreme Court addressed this exact same situation involving the exact same forensic analyst. The defendant, Robert Jenkins, argued that the trial court erred "by allowing Gross, the laboratory supervisor, to testify in place of the analyst who had performed the substance testing." *Id.* at 1065 (¶7). Like Parker, Jenkins asserted "that his Sixth Amendment right to confrontation was violated because he was not provided an opportunity to cross-examine the analyst who had performed the testing on the substance and authored the forensic report admitted as evidence against him." *Id.* The *Jenkins* court reviewed the record and found that

6

Gross was able to explain competently the types of tests that were performed and the analysis that was conducted. He performed "procedural checks" by reviewing all of the data submitted to ensure that the data supported the conclusions contained in the report. Based on the data reviewed, Gross reached his own conclusion that the substance tested was cocaine. His conclusion was consistent with the report, and he signed the report as the technical reviewer. Gross satisfied the *McGowen* test because he had "intimate knowledge" about the underlying analysis and the report prepared by the primary analyst.

*Id*. at 1069 (¶17).[1] The *Jenkins* court reiterated that "[a] supervisor, reviewer, or other analyst involved may testify in place of the primary analyst where that person was 'actively involved in the production of the report and had intimate knowledge of the analyses even though [he] did not perform the tests firsthand.'" *Id*. at (¶19) (citing M*cGowen*, 859 So. 2d at 340 (¶68)).

¶15.     The supreme court also distinguished the facts of *Jenkins* from the facts of *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 308-311 (2009). In *Melendez-Diaz*, 557 U.S. at 308, the prosecution introduced three sworn certificates of state laboratory analysts without any live testimony. The United States Supreme Court held that the "analysts' affidavits were testimonial statements, and the analysts were 'witnesses' for purposes of the Sixth Amendment. Absent a showing that the analysts were unavailable to testify at trial and that petitioner had a prior opportunity to cross-examine them, petitioner was entitled to 'be confronted with' the analysts at trial." *Id*. at 311.

---

[1] In *McGowen v. State*, 859 So. 2d 320, 339 (¶68) (Miss. 2003), the supreme court held that "when the testifying witness is a court-accepted expert in the relevant field who participated in the analysis in some capacity, such as by performing procedural checks, then the testifying witness's testimony does not violate a defendant's Sixth Amendment rights."

¶16.   The *Jenkins* court ultimately found that the trial court did not abuse its discretion by allowing Gross to testify regarding the laboratory report and identify the substance, explaining that "Jenkins had the opportunity to confront and cross-examine Gross at trial, which satisfied his Sixth Amendment right to confront the witness against him." *Jenkins,* 102 So. 3d at 1069 (¶19); s*ee also Grim v. State*, 102 So. 3d 1073, 1078-81 (¶¶12-22) (Miss. 2012).

¶17.   In this case, the record reflects no abuse of discretion in the admission of Gross's testimony into evidence; accordingly, we also find that Gross's testimony failed to prejudicially affect Parker's substantive rights or the fairness of his trial.

¶18.   **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY YEARS, WITH TEN YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**