# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00208-COA

**LARENZO PETTIS A/K/A LARENZO ARTHUR PETTIS A/K/A LARENZO A. PETTIS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Following trial, a Harrison County jury found Larenzo Pettis guilty of robbery in violation of Mississippi Code Annotated section 97-3-73 (Rev. 2014).  The circuit court sentenced Pettis to a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight years suspended after seven years served, followed by five years of post-release supervision.  Pettis appeals, arguing that his conviction is contrary to the sufficiency and overwhelming weight of the evidence.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2.    On the early morning of July 2, 2014, Pettis left the Walmart in Pass Christian with a flat-screen television that he did not pay for. Joseph Albert, a Walmart assistant manager tasked with asset protection, confronted Pettis at the store's exit, blocking Pettis from leaving the building with the television in his shopping cart. Pettis reached in his left pocket and threatened Albert, stating "this is not worth dying for, . . . getting shot over, . . . [or] getting cut." Pettis grabbed the television from the cart and ran out of the building. The incident was recorded on a store surveillance camera and was viewed by the jury. During trial, Albert testified that he was unsure whether Pettis had a gun or knife in his pocket but was scared by Pettis's threats and believed that Pettis meant to leave with the television "by any means." Albert identified Pettis as the defendant in court.

¶3.    Samuel Daniels, a Walmart employee who witnessed the incident, testified that he could not hear what Pettis told Albert but saw Pettis reach toward his pants. Daniels said that in Walmart it was unusual to see customers with televisions in their shopping carts because Walmart policy encouraged store attendants to assist customers with transporting televisions. Daniels explained that the electronics section was located in the back of the store and that when a customer buys a television, a Walmart associate escorts the customer and television to the front register.

¶4.    Pettis testified in his own defense. He maintained that Albert approached him at the store's exit and asked if he had a receipt. Pettis said he reached toward his pocket to act like he was reaching for a receipt but never verbally threatened Albert.

¶5.    Following deliberations, the jury found Pettis guilty of robbery. Pettis filed a motion

2

for a judgment notwithstanding the verdict (JNOV) or in the alternative, a motion for a new trial, which the trial court denied. Pettis has timely filed his appeal, arguing there was insufficient evidence for the jury to convict him of robbery and, in the alternative, the verdict was against the overwhelming weight of the evidence.

## STANDARD OF REVIEW

¶6. When reviewing whether the evidence was sufficient to support the verdict, we consider the evidence in the light most favorable to the State, giving the State "the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Goldsmith v. State*, 195 So. 3d 207, 212 (¶16) (Miss. Ct. App. 2016). The relevant inquiry is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jones v. State*, 991 So. 2d 629, 634 (¶11) (Miss. Ct. App. 2008) (internal quotation mark omitted). "This Court will reverse and render only when the facts point so overwhelmingly in favor of the defendant that reasonable men could not have found, beyond a reasonable doubt, the defendant was guilty." *Id.*

¶7. When reviewing the weight of the evidence, we will not award a new trial unless "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." *Id*.

## DISCUSSION

¶8. Pettis was indicted for robbery pursuant to section 97-3-73, which states:

> Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.

3

¶9. The Mississippi Supreme Court has stated that the elements of robbery are (1) the felonious taking of (2) the personal property of another (3) in his presence or from his person and (4) against his will, (5) by violence to his person or by putting such person in fear of some immediate injury to his person. *Downs v. State*, 962 So. 2d 1255, 1259 (¶15) (Miss. 2007).

¶10. Pettis argues section 97-3-73 requires that surrender of the property be induced by threat and that because he took possession of the television *before* threatening Albert, he is guilty only of shoplifting. *See* Miss. Code Ann. § 97-23-93 (Rev. 2014).

¶11. Pettis makes a very similar argument as the defendant in *Oliver v. State*, 234 So. 3d 443 (Miss. Ct. App. 2017). In *Oliver*, the defendant was convicted of armed robbery after he borrowed the victim's phone, refused to hand it back, and pointed a gun at the victim when the victim demanded the phone's return. On appeal, Oliver asserted that his intimidation of the victim occurred after the victim had "voluntarily relinquished possession of the phone." *Id.* at 446 (¶15). This Court found no merit to Oliver's argument and affirmed the sufficiency of the evidence, clarifying that the taking was complete when Oliver drove out of the victim's presence with the phone. *Id.* at (¶16).

¶12. Here, Albert was a Walmart employee who had custody over store merchandise until it was purchased. When Pettis attempted to exit the store without paying for the television in his cart, Albert blocked him and only relinquished the television upon Pettis's threats. We find no merit to Pettis's reasoning that his simple act of placing the television in a shopping cart constituted a taking. Rather, the taking was complete when Pettis ran from Albert and

4

left the store with the unpaid-for television. Considering the evidence in a light most favorable to the State, sufficient evidence existed for the jury to convict Pettis of robbery.

¶13. In addition, after fully reviewing the record and considering all of the evidence in the light most favorable to the verdict, we find that the verdict was not against the overwhelming weight of the evidence. We therefore affirm Pettis's conviction and sentence.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, J.**

**WESTBROOKS, J., DISSENTING:**

¶15. I part from the majority because I do not believe that a reasonable jury could have believed that Albert was in fear of some immediate injury to his person beyond a reasonable doubt. After a review of the record, I am convinced this case involves nothing more than misdemeanor shoplifting or petty larceny upgraded to a felony. Therefore, I respectfully dissent.

¶16. There are three essential elements of robbery: "(1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property of another from his person or in his presence." *Murphy v. State*, 868 So. 2d 1030, 1037 (¶22) (Miss. Ct. App. 2003) (citing *Crocker v. State*, 272 So. 2d 664, 665 (Miss. 1973)); *see also Anderson v. State*, 5 So. 3d 1088 (Miss. Ct. App. 2007). "In dealing with the second element, *if putting in fear is relied upon, it must be the fear under duress* of which the owner parts with possession." *Murphy*, 868 So. 2d at 1037 (¶22) (emphasis

added).

¶17. The State attempted to establish the fear element through Albert's testimony. But, Albert's testimony along with the surveillance video failed to demonstrate he was under duress when he confronted Pettis. The surveillance video showed Pettis's back turned to the camera and does not show Pettis's arm or hand doing anything besides grabbing the television and running out of the store.

¶18. As Pettis approached the exit of the store, Albert confronted him. Albert does not seem to be taken aback as though he was in fear of injury to his person, although he testified before the jury that he feared the unknown. But Albert also testified that he told an officer he did not believe that Pettis had a gun. Albert further stated that he never saw a weapon and when Pettis made the "threats" Pettis was 12 to 15 feet away from him. Moreover, another employee did not hear Pettis say anything, and there is no audio of the recording.

¶19. I believe that the evidence is insufficient to support a guilty verdict of robbery. "[An appellate court] may reverse only when, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Lenoir v. State*, 224 So. 3d 85, 91(¶18) (Miss. 2017). "Thus, if any rational trier of fact could have found each and every one of the elements of the crime beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution, the verdict must stand." Because I do not believe that the second element of fear was proven beyond a reasonable doubt, I believe the verdict should be overturned.

**McDONALD, J., JOINS THIS OPINION.**

6