272 So.2d 664 (1973)
George Leon CROCKER
v.
STATE of Mississippi.
No. 47054.
Supreme Court of Mississippi.
January 29, 1973.
*665 Bobby F. Sanders, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant George Leon Crocker was indicted, tried and convicted in the Circuit Court of Neshoba County for the crime of robbery. He was sentenced to serve a term of ten years in the State Penitentiary. From this conviction and sentence, he appeals. We reverse and remand.
The principal contention of appellant is that the trial court was in error in refusing to grant his request for a directed verdict at the close of the state's case.
The indictment in this case in effect charged that appellant committed an assault on one Jesse S. McKenzie and did thereby put him in bodily fear of immediate injury to his person and that appellant did take $500 from the person of Jesse S. McKenzie against his will, and did then and there feloniously and violently take, steal and carry away $500.
McKenzie testified that at approximately eleven o'clock on the morning of June 26, 1971, appellant came to his home and after they had a cup of coffee, he and appellant went to the store where they drank some beer and whiskey. When they returned McKenzie changed his clothes. He had his billfold containing $500 in the bib of his coveralls which he removed. He stated that he removed the billfold and put it in his pocket. It is unclear from his testimony whether he put the billfold in the pocket of the coveralls which he removed, or whether he put it in the pocket of the clothes he put on. Apparently, he left it on the bed because he stated appellant got the billfold, removed $500 therefrom, laid the billfold down and left. Although the state attempted to get him to say that the appellant took the money from his person by force or violence, he never would say that any force or violence was used. On cross examination he stated that appellant did not in any way use force, violence, or fear to get his money. He concluded his testimony by stating that his clothes were on the bed and his wallet was in his clothes, and that appellant took his money from his wallet and left. He also stated at one point in his testimony that appellant had been gone for about an hour before he missed his money.
It is well settled that the three essential elements of robbery are as follows: (1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property of another from his person or in his presence. All these elements must occur in point of time. If force is relied upon as proof of the charge it must be force by which another is deprived of and the offender gains possession of the property. If putting in fear is relied upon, it must be the fear under duress of which the owner parts with possession. Register v. State, 232 Miss, 128, 97 So.2d 919 (1957). It is apparent that the state failed to prove the second necessary element of the crime of robbery and therefore, the trial court was in error in refusing to grant the appellant's motion for a directed verdict, insofar as the crime of robbery is concerned.
The state, while contending the evidence is sufficient to sustain the charge of robbery, urges that although we find the evidence of the charge of robbery was insufficient to sustain the conviction, it was sufficient to sustain a conviction of the lesser included offense of larceny, and that this Court should sustain the conviction insofar as the conviction includes larceny and remand the case for proper sentencing. The state cites Section 2523, Mississippi Code 1942 Annotated (1956), which reads as follows:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt *666 to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
Under the provisions of this section the jury could have found appellant guilty of grand larceny instead of robbery, and in that event the conviction would be upheld. The difficulty here is that the state chose to rely upon the charge of robbery, and the trial court submitted the case to the jury on that charge, instead of submitting the case to the jury on the lesser included offense of grand larceny. Under these circumstances, this Court cannot sustain a conviction of the constituent offense of grand larceny. Register v. State, supra, involved a robbery conviction wherein the state failed to prove the money taken was a result of violence. We reversed that case and ordered appellant held under bond or in jail to await the action of the grand jury on the appropriate charge. The same procedure was followed in Thompson v. State, 226 Miss. 93, 83 So.2d 761 (1955). Therefore, following these precedents this case will be reversed, and appellant will be ordered held under bond or in jail to await further action of the grand jury.
Reversed and appellant ordered held for further action of the grand jury.
RODGERS, P.J., and PATTERSON, ROBERTSON and BROOM, JJ., concur.