567 So.2d 1189 (1990)
Casey JONES
v.
STATE of Mississippi.
No. 07-KA-59111.
Supreme Court of Mississippi.
September 19, 1990.
Paul R. Scott, Wilroy Scott & Rutherford, Hernando, for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
Defendant, Casey Jones, was indicted on three separate counts. Count 1 was conspiracy to commit robbery in violation of Miss. Code Ann. § 97-1-1(a) (Supp. 1978); Count 2 was robbery with a deadly weapon in violation of Miss. Code Ann. § 97-3-79 (Supp. 1978); and Count 3 was aggravated assault on a law enforcement officer in violation of Miss. Code Ann. § 97-3-7(2) (Supp. 1987). Prior to the trial, Count 2 was reduced from robbery with a deadly *1190 weapon to strong armed robbery. At the conclusion of the State's case in chief, the trial court dismissed Count 3 of the indictment due to lack of jurisdiction. The jury returned guilty verdicts on both Count 1 and Count 2. Subsequently, the trial court overruled defendant's post-trial motions and he was sentenced to five years with the Mississippi Department of Corrections on Count 2. He received a five-year suspended sentence and supervised probation for Count 1. The final judgment was entered in this case on February 25, 1988, and the notice of appeal was filed on March 21, 1988.

I.
On the evening of March 2, 1987, the defendant and three other persons were riding about town in Memphis and decided to venture south. At approximately 11:00 p.m., they stopped at a 7-11 Convenience Store in Horn Lake, Mississippi.
Connie Williamson, a 7-11 employee, was working on the night in question and testified that Jones and another male (Person No. 2) walked into the 7-11 a few minutes after 11:00 p.m. She testified that Jones asked directions to the restroom, and as he walked past her she thought she saw a pistol on him and decided that she should lock the back office. En route she noticed that Jones had turned towards the office, at which time she again gave him directions.
Upon returning from the back office, Ms. Williamson saw Person No. 2 taking cigarettes out of the cabinet and placing them into a sack. It was at this point that Ms. Williamson decided to call the Horn Lake Police Department.
While she was on the phone, Jones came out of the restroom and went directly to a hotdog machine where he requested service approximately six or seven times. During Jones' repeated requests for a hotdog, Ms. Williamson became irritated with the Horn Lake Police Department and screamed out loud, "I want a police officer now and I mean now." Upon hearing her screeching request, Person No. 2 handed Jones the sack of cigarettes and Person No. 2 then seized the Muscular Dystrophy jar, taking it and the cigarette rack to which it was attached. Both of them ran out the front door to find refuge in the awaiting canary yellow car.
Shortly thereafter, Jerry Stewart, a Horn Lake police officer, identified the canary yellow car and began an eventful pursuit of Jones and his three compatriots. At one point an unidentified passenger in the back seat decided he had enough of the chase and attempted to jump out of the car only to find himself dragged several feet before changing his mind. Officer Stewart testified that after crossing the state line, a pistol was pointed at him from the back seat of the car, once from the right rear passenger door and again from the left rear passenger door. He testified that he did not hear any shots fired and he continued in pursuit until the yellow car's engine blew. After the car stopped, Officer Stewart testified that all the doors came open and all four subjects ran off in different directions. The officers immediately apprehended the driver of the car, Willie Lee Peyton. Additionally, Officer Stewart testified that upon looking inside the canary yellow car, he saw change all over the inside of the car, cigarettes and a display rack. A gun was also found 50 to 75 yards behind the car.
The trial court granted a directed verdict in favor of the defendant at the close of the State's case in chief on Count 3. The court held that the evidence presented demonstrated that the Mississippi court lacked jurisdiction because any assault that took place happened in Tennessee.

II.
Jones first contends that because the court lacked jurisdiction, the trial court erred in allowing into evidence proof of the alleged assault. We hold that the evidence was admissible because the alleged assault was so interrelated with the events at the 7-11 store that it constituted a single occurrence. In Neal v. State, 451 So.2d 743 (Miss. 1984), this Court held:
Proof of another crime is admissible where the offense charged and that offered *1191 to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences. Such proof of another crime is also admissible where ... there is an apparent relation or connection between the act proposed to be proved and that charged.
Neal, 451 So.2d at 759.
Recently, in Wheeler v. State, 536 So.2d 1347 (Miss. 1988) this Court reiterated its definition of what constituted a single occurrence. On December 31, 1984, four police officers went to Wheeler's home wherein a struggle commenced which resulted in the death of one of the officers. Wheeler, 536 So.2d at 1349. Noel Wheeler was subsequently convicted of murdering Officer Jackie Sherrill. Id. at 1349 n. 1. Wheeler was then indicted for aggravated assault on Officer Steve Reid. Id. at 1348. The lower court overruled defendant's motion in limine to suppress any evidence of Officer Sherrill's shooting. Id. at 1352. This Court held that the evidence of the prior crime was admissible because:
As in Neal, evidence of Wheeler's crime against Officer Jackie Sherrill was admissible because it was integrally related in time, place and fact with the aggravated assault of Officer Steve Reid. The two offenses arose out of a common nucleus of operative facts.
Id. at 1352.
In the instant case, the alleged assault was related in time, place and fact with the purported crime. Therefore, pursuant to Neal and Wheeler, events relating to the alleged assault were admissible.

III.
Second, the defendant contends that the verdict of guilty in the crime of conspiracy was not supported by the evidence. The standard of review for challenges to legal sufficiency of evidence was recently set out by this Court in Garrett v. State, 549 So.2d 1325 (Miss. 1989), as follows:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence  not just that supporting the case for the prosecution  in the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
Garrett, 549 So.2d at 1331. See, e.g., McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987).
Defendant maintains that the evidence failed to support the conspiracy verdict because there was neither proof of common design nor understood purpose to commit a robbery. The evidence shows that there were four people riding in Willie Peyton's car and Mr. Peyton testified that he stopped at the 7-11 in order to let one man buy beer and to let the defendant use the restroom. He testified that there were no conversations among the four before stopping at the store. We agree with the defendant and hold that the evidence failed to support the conspiracy verdict because the record is devoid of proof of common design or understood purpose to commit a robbery or any other crime. We find that reasonable men could not have found from the evidence beyond a reasonable doubt that the defendant was guilty of conspiracy.

IV.
Next, the defendant argues that the trial court failed to properly instruct the jury as to the elements of the crime of robbery. Instruction S-2 read as follows:

*1192 The defendant, CASEY JONES, has been charged with the crime of robbery.
If you find from the evidence in this case, beyond a reasonable doubt, that:
1. On or about March 2, 1987, CASEY JONES did feloniously take the personal property of the 7-11 Store and/or the Muscular Dystrophy Association; and
2. The personal property was in the presence of Connie Williamson; and
3. The taking of the personal property was against the will of Connie Williamson; and
4. Connie Williamson was placed in fear from immediate injury to her person,
Then you shall find the defendant, CASEY JONES, guilty of robbery in Count 2.
If the state has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty of robbery in Count 2.
We hold that Instruction S-2 fails to establish the essential elements of robbery pursuant to Miss. Code Ann. § 97-3-73 (1972), which defines robbery as follows, to-wit:
Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.
Id.
Instruction S-2 was defective because it did not specifically set out the cause and effect relationship between the taking and the putting in fear. This Court stated in Crocker v. State, 272 So.2d 664 (Miss. 1973) that the state, in order to prove the elements of robbery must show that "[i]f putting in fear is relied upon, it must be the fear under duress of which the owner parts with possession." Crocker, 272 So.2d at 665. In the case sub judice Ms. Williamson testified that she called the police because she was scared and that if she was going to die somebody else was going to be there. Although this testimony establishes that the actions of the defendant and the person accompanying him caused Ms. Williamson to be afraid, the state put on no proof to show that the defendant put her in fear in order to take the cigarettes.
The evidence here was clearly insufficient to sustain a robbery conviction. However, since it was established that the cigarettes themselves were worth approximately $130, then the evidence is sufficient to convict the defendant of grand larceny. Miss. Code Ann. § 97-17-41 (1972).
The jury found the defendant guilty of robbery, which offense includes the elements of larceny. Compare Miss. Code Ann. § 97-3-73 (1972) with Miss. Code Ann. § 97-17-41 (1972). See generally 2 R. Anderson, Wharton's Criminal Law and Procedure § 547 (1957). A larceny instruction was submitted to the jury and we find that the evidence presented at trial amply supports a guilty verdict of grand larceny. We therefore affirm the judgment as a conviction of grand larceny and remand this case for resentencing. This is line with our decision in Anderson v. State, 290 So.2d 628, 629 (Miss. 1974). Inasmuch as these issues are dispositive of the case, we will not address the other issues raised on appeal.
REVERSED IN PART AND REMANDED FOR RESENTENCING FOR GRAND LARCENY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.