913 So.2d 365 (2005)
Mondrae T. SMITH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02086-COA.
Court of Appeals of Mississippi.
April 19, 2005.
Gus Grable Sermos, Summit, attorney for appellant.
Office of Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. Mondrae T. Smith was convicted of robbery and sentenced to ten years in the custody of the Mississippi Department of Corrections to serve the first four years with the last six to be served on post-release supervision. Smith now appeals asserting a single issue: whether the trial court erred in its denial of his request for peremptory instruction D-9.
¶ 2. Ascertaining no error, we affirm.

FACTS
¶ 3. Surinder Uppall is the owner of the Stop N Shop grocery store in Brookhaven, *366 Mississippi. On November 9, 2002, just after 6:00 p.m., Uppall was in the store alone when a man wearing a white t-shirt, black jeans, and a red ski mask entered the Stop N Shop grocery store and yelled at him, while jabbing a black object, that appeared to be a knife, toward him. Uppall, fearing for his life, ran and hid behind the counter and watched as the man took approximately $440 from the cash register. After the robber ran out of the store, Uppall called the Brookhaven Police Department to report the incident. Shortly thereafter, Officer Lewis Calcote arrived and found two witnesses, Glenn and Rena Rippy, who saw the masked man running from the store.
¶ 4. A call about the robbery went out over the radio alerting several officers patrolling the area. Officer Calcote then went up Cloverdale Street to Williams Street, where he sat and watched with binoculars for the robber. Suddenly Officer Calcote noticed Smith, who was wearing a white shirt and black pants, running and then walking quickly near the Stop N Shop. Officer Calcote then drove towards Smith and demanded that he stop. Officer Calcote noticed that Smith was extremely sweaty, out of breath, bug-eyed, and acting very nervous.
¶ 5. Officer Calcote then apprehended Smith and found a wad of twenty dollar bills on Smith's person. Officer Calcote gave the money that was found on Smith's person to Officer Scott Brister. Officer Brister then went back to the Stop N Shop and asked Uppall to count down the cash register to determine how much money was taken. Uppall discovered that $440 in $20 dollar bills had been taken from the cash register. When the police counted the money that was found on Smith, they found four hundred forty dollars in twenty dollar bills. Additional facts will be related during our discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV is identical. Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003) (citing Coleman v. State, 697 So.2d 777, 787 (Miss.1997)). A motion for a JNOV, as well as a motion for a directed verdict and request for a peremptory instruction, challenges the legal sufficiency of the evidence. Hawthorne, 835 So.2d at 21(¶ 31) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). "On the issue of legal sufficiency, reversal can only occur when evidence of one or more of the elements of the charged offense is such that `reasonable and fairminded jurors could only find the accused not guilty.'" Hawthorne, 835 So.2d at 21(¶ 31) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 7. Smith argues that the trial court erred in its denial of his requested peremptory jury instruction, D-9. D-9 states "[t]he Court instructs the jury that you must find the defendant `not guilty.'" Smith maintains that he walked to C-Store, bought cigarettes and was headed home at the time of arrest.[1] Smith asserts that he only had $160 in his pocket at the time of the arrest and that the police planted the rest of the money. Smith also asserts that there was no testimony or physical evidence offered by the State to support the allegation that he robbed the Stop N Shop except the generic description of the robber wearing black pants and a white shirt and the testimony from Officer Calcote that the police recovered $440 in $20 dollar bills from him.
*367 ¶ 8. The State counters that the trial judge was within his discretion in the denial of the defendant's motion for a directed verdict and motion for judgment notwithstanding the verdict because the verdict was amply supported by credible evidence.
¶ 9. We agree with the State. Our review of the record indicates that the State presented ample evidence to support the guilty verdict. The State presented testimony from Rena and Glenn Rippy who were in front of the store when the robbery took place. Rena testified that she was close enough to slap the robber when he exited the store and that the robber was wearing a red ski mask, white t-shirt, and black pants. Rena further testified that the robber went behind the store. Glenn also saw the robber and testified that the robber was wearing a white t-shirt, black pants and had a red ski mask pulled over his face. Even though the ski mask was not recovered, Smith was wearing the same clothes as the robber when he was apprehended by the police.
¶ 10. Our supreme court has held that when there is conflicting evidence, the jury is the judge of a witness's credibility and the weight and worth of the witnesses's testimony. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). The Gathright court further held that this rule is applicable to both the State's witnesses and the defense witnesses as well as the defendant himself. Id. Thus, it is the duty of the jurors as fact finders to resolve any conflicts with any testimony that they hear. Accordingly, we find that the facts presented by the State, and the logical inferences drawn therefrom, strongly support the guilty verdict.
¶ 11. Smith next argues that the State never presented the jury with any forensic or physical evidence that the money found in Smith's possession originally came from Uppall's cash drawer. Smith contends that the State never proved beyond a reasonable doubt via direct evidence or reasonable inferences that Smith committed the offense of robbery, and therefore, due to the insufficiency of the evidence presented at trial, no reasonable and fair-minded juror could have found him guilty of the crime of robbery.
¶ 12. The State counters that it proved each element of robbery as defined by Section 97-3-73 of the Mississippi Code of 1972 as amended.
¶ 13. Three essential elements of robbery are as follows:
(1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property of another from his person or in his presence. All these elements must occur in point of time. If force is relied upon as proof of the charge it must be force by which another is deprived of and the offender gains possession of the property. If putting in fear is relied upon, it must be the fear under duress of which the owner parts with possession.
Crocker v. State, 272 So.2d 664, 665 (Miss. 1973) (citing Register v. State, 232 Miss. 128, 97 So.2d 919 (Miss 1957)).
¶ 14. Uppall testified that he feared for his life and that he crouched behind a counter to avoid being hurt. Uppall also testified that he told police that he thought Smith had a knife, and because of this fear, he allowed the money to be taken from the cash register against his will.
¶ 15. The State also put on additional evidence through the testimony of Rena and Glenn Rippy who were in the front of the store when the robbery took place and described the robber as wearing a white t-shirt and a black pair of pants with a red ski mask pulled over his face. Although Rena and Glenn Rippy did not see the *368 robber's face, Smith was apprehended wearing the same clothes as they described and had approximately the same build as the robber. Additionally, the State presented the testimony of Officer Calcotte who stated that when Smith was apprehended, he was wearing clothing that fit the same description of the clothing that the robber was wearing. Furthermore, police recovered $440 in $20 dollar bills from Smith's person. This was the exact amount of money that was stolen from the Stop N Shop. Consequently, we find that there was sufficient evidence presented by the State for reasonable and fair-minded jurors to find Smith guilty of robbery. Thus, the judgment of the circuit court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO SERVE THE FIRST FOUR YEARS WITH THE LAST SIX YEARS TO BE SERVED ON POST RELEASE SUPERVISION, IS AFFIRMED. ALL OF COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Smith gave no further description of the C-Store or its location. Therefore, it is unclear whether the C-Store and the Stop N Shop store are one and the same.