KITCHENS, Justice,
Dissenting.
¶ 251. Were this case before us an appeal from a conviction of robbery and robbery alone, we would use very little ink to reverse and render for lack of evidence. The three elements of robbery are (1) the intentional (2) taking and carrying away of another’s property from his person or presence (3) effectuated by force or threat of force. Crocker v. State, 272 So.2d 664, 665 (Miss.1973). It is fundamental criminal law that every element of a criminal statute must be properly pled and sufficiently proven in order to permit conviction thereunder. Taggart v. State, 957 So.2d 981, 985-86 (Miss.2007) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). On challenges to the sufficiency of the evidence, we review the evidence in the light most favorable to the jury’s verdict, Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998), but “if we determine the evidence points in favor of the defendant on any element of the offense such that a reasonable juror could not have found the defendant guilty beyond a reasonable doubt, we must reverse the conviction.” Coleman v. State, 947 So.2d 878, 881 (Miss.2006) (citing Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).[38]
¶ 252. In order to sustain Goffs conviction of capital murder, we must find that the evidence supports the determination that he committed murder arid the underlying crime of robbery. Miss.Code Ann. § 97-3-19 (Rev.2006). On the question of murder, the evidence clearly is sufficient to sustain the conviction. On the question of robbery, though, the record is utterly devoid of credible evidence that sufficiently proves a felonious taking of Brandy Yates’s wallet. We know from the record that Mrs. Yates took her wallet into the motel office when she paid for the room that she was to share with Goff.[39] We also *681 glean from the record that she returned from the office to the car, of which she was the driver at that time, with the wallet. The next appearance the wallet makes in the record is its discovery in the area of the car’s console, by police, the next day. The State provided no evidentiary basis on which the jury could conclude that the wallet ever entered the motel room, where it could have been taken from the victim’s person or presence, as is indisputably required by the robbery statute.
¶ 253. The State was unable to produce an eyewitness to the atrocities that were visited upon Mrs. Yates by her cruel assailant. No one confessed to killing her or robbing her of her wallet. Therefore, this is a case resting entirely upon circumstantial evidence, and as such requires proof of the defendant’s guilt, both as to murder and robbery, beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence to sustain a conviction of capital murder. Hughes v. State, 983 So.2d 270, 278 (Miss.2008). This fundamental requirement goes all but unaddressed by today’s majority opinion, and the Court’s mere passing references to it fall far short of the level of thorough and objective analysis that should characterize opinions from Mississippi’s highest court, especially in capital cases, which we claim to examine with heightened scrutiny. See Maj. Op. at 647, 649, 652. See also Bennett v. State, 990 So.2d 155, 158 (Miss.2008).
¶ 254. In the present case, the record plainly reveals that the State adduced evidence that excludes every reasonable hypothesis consistent with Goffs innocence on the charge of murder. As to the allegation of robbery, the State’s proof fell far short of that evidentiary standard. This Court’s duty, in these circumstances, is clear: we must be at least as honest as we expect a home plate umpire to be and call a ball a ball aíid a strike a strike. Notwithstanding the State’s admirable diligence, a ball was thrown on the robbery aspect of this case, though the prosecution was well within the strike zone on the murder aspect.
¶ 255. Even unto the rendering of today’s judgment, the State has been unable to point to a sliver of evidence that supports the jury’s robbery determination. When we held oral arguments on this case in January, we put this very question to the State’s able counsel, who candidly acknowledged that no evidence was adduced *682 at trial to the effect that Mrs. Yates’s wallet was in the motel room during the commission of this heinous homicide. Therefore, a jury could not have determined beyond a reasonable doubt, let alone to the exclusion of every reasonable hypothesis consistent with Goffs innocence of robbery, that Mrs. Yates’s wallet was in her presence at the time of her murder. Indeed, given the absence of biological matter on the wallet, the evidence suggests more heavily than not that the wallet was absent from this hellish murder scene. See Maj. Op. at 638.
¶ 256. The evidence does not, of course, altogether eliminate the possibility that Goff stole the wallet in the same continuous transaction that led to Mrs. Yates’s death. As the majority correctly asserts, the record in this case does lend itself to the hypothesis that Mrs. Yates did, in fact, take her wallet with her from Goffs car into the motel room and that Goff later robbed her of this article of personal property. I agree that this hypothesis, obviously consistent with guilt, is a reasonable one, and the jury could reasonably have inferred it from the evidence. The proof in this case, however, falls far short of excluding all reasonablé hypotheses consistent with innocence of robbery, because the location of the wallet during Goff’s barbaric act is a fact to which the evidence does not speak. Based upon the evidence and the evidence alone, it is just as reasonable, if not more reasonable, to infer that the wallet remained in the car as Goff returned to Alabama, while he perpetuated this brutal murder, and during his flight from the crime scene. Such an hypothesis clearly is reasonable and consistent with innocence of robbery. Yet the majority declines to analyze this hypothesis. If it did, this fatal flaw in the State’s case would be exposed as irreparable, a deficiency that would mandate reversal of Goffs conviction for capital murder.
¶ 257. Finding that such an analysis leads to the inescapable conclusion that the evidence is insufficient to exclude every reasonable hypothesis consistent with Goffs innocence of the crime of robbery, I would reverse the capital murder conviction, affirm the conviction for the lesser-included offense of murder, and remand to the trial court with instructions to resen-tence Goff accordingly. See Wheeler v. State, 536 So.2d 1341 (Miss.1988).
CHANDLER, J„ JOINS THIS OPINION.
APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Chamberlin v. State, 989 So.2d 320 (Miss.2008).
Loden v. State, 971 So.2d 548 (Miss.2007).
King v. State, 960 So.2d 413 (Miss.2007).
Bennett v. State, 933 So.2d 930 (Miss.2006).
Havard v. State, 928 So.2d 771 (Miss.2006).
Spicer v. State, 921 So.2d 292 (Miss.2006).
Hodges v. State, 912 So.2d 730 (Miss.2005).
Walker v. State, 913 So.2d 198 (Miss.2005).
Le v. State, 913 So.2d 913 (Miss.2005).
Brown v. State, 890 So.2d 901 (Miss.2004).
Powers v. State 883 So.2d 20 (Miss.2003)
Branch v. State, 882 So.2d 36 (Miss.2004).
Scott v. State, 878 So.2d 933 (Miss.2004).
*683 Lynch v. State, 877 So.2d 1254 (Miss.2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss.2003).
Howell v. State, 860 So.2d 704 (Miss.2003).
Howard v. State, 853 So.2d 781 (Miss.2003).
Walker v. State, 815 So.2d 1209 (Miss.2002). *following remand.
Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2001).
Grayson v. State, 806 So.2d 241 (Miss.2001).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2001).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). *following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). *following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
*684 Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581 (Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1988).
* Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985),
Jordan v. State, 464 So.2d 475 (Miss.1985).
*685 Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood, v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Ross v. State, 954 So.2d 968 (Miss.2007).
Flowers v. State, 947 So.2d 910 (Miss.2007).
Flowers v. State, 842 So.2d 531 (Miss.2003).
Randall v. State, 806 So.2d 185 (Miss.2001).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
*686 Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

*687
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Rubenstein v. State, 941 So.2d 735 (Miss.2006).
King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1987); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. *688 State, 95-DP-00149, 691 So.2d 959, February 13,1997 (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984). *Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

. "A motion for directed verdict challenges the legal sufficiency of the evidence offered to that point of trial to sustain a guilty verdict.” Morris v. State, 777 So.2d 16, 22 (Miss.2000) (emphasis added). Therefore, any evidence procured after Goff's second motion for a directed verdict during the guilt phase of his trial cannot enter in to our decision. In my view, today's majority opinion contains no suggestion to the contrary, nor do the separate opinions of the Chief Justice and Justice Dickinson.

. Justice Randolph contends that the evidence does not support this establishment of a *681 link between Mrs. Yates and her wallet. With humility, I disagree. Pages 468 through 474 of the record document the direct examination of Ms. Pearl Boulware, who managed the front desk of the Rocky Creek Inn on the afternoon and evening of Aug. 26, 2004. Ms. Boulware recounted checking Mrs. Yates into the motel, ascertaining Mrs. Yates’s method of payment, and reviewing Mrs. Yates's drivers license. Justice Randolph correctly notes that the word "wallet” was absent from this account, but the description was detailed enough to lead District Attorney Tony Lawrence to claim in his response to Goff’s first motion for a directed verdict, in a statement memorialized on page 819 of the record, that ”[t]he evidence also showed that [Mrs. Yates] used that wallet to check into the hotel at approximately 4:00 p.m.” Obviously, this statement was not evidence, but it was a reflection of the evidence with which the trial judge clearly agreed in denying Goff’s motion. In my view of this unique case, this interpretation of the evidence was reasonable. Given our obligation to review denials of motions for directed verdict with the evidence cast in the light most favorable to the jury's verdict, Gleeton, 716 So.2d at 1087, I am satisfied that the State demonstrated that Mrs. Yates possessed the wallet when she arrived at the Rocky Creek Inn. A conclusion to the contrary is one with which I would not agree; but that determination would appear to obligate one to the judgment that the State failed to prove that Mrs. Yates ever possessed the wallet, and a judge holding that opinion would be obligated to reverse Goff’s conviction.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.