KITCHENS, Justice,
Specially Concurring:
¶ 87. I agree with the majority’s finding that the trial court abused its discretion in refusing to allow the social worker to testify to her opinions and observations after its acceptance of her as an expert in the field of social work, and that such error warrants reversal of the death sentence. However, I write separately to address the insufficiency of the indictment, the insufficiency of the evidence with respect to the crime of robbery, and the insufficiency of the jury instructions on robbery.
¶ 88. The capital murder charge against Fulgham required the State to prove that she committed a robbery and a murder during the course of a robbery. Miss. Code Ann. § 97-3-19(2)(e)(Rev.2006). The State claimed she robbed her husband in the house where they both lived. To obtain a conviction, the State was required to prove, beyond a reasonable doubt, that Fulgham had used force or threat of force intentionally to take and carry away her husband’s property from his person or presence. Crocker v. State, 272 So.2d 664, 665 (Miss.1973). The indictment accused Fulgham of taking her husband’s property, but it did not identify what property she is alleged to have taken. Instead, the State waited until the trial to disclose to the jury, and to Fulgham, what property it claims she stole from her husband.
¶ 89. This case provides an excellent example of why, in a robbery prosecution, due process of law requires that an indictment identify the property the accused is alleged to have taken. The State was required to prove that Fulgham committed a robbery, but she appeared at trial without knowing what property she was accused of stealing. In fact, neither the indictment, the prosecutor, the trial court, nor the jury has ever been informed of what property she was convicted of taking. To this day, she does not know, and neither does this Court.
¶ 90. In closing argument, the State suggested it might have been a computer that appeared to have been missing from the house.[82] Or, perhaps some money be *343 longing to her husband was stolen, according to the prosecutor. But Fulgham and her husband were living together in the house. So the computer, assuming there was one — no evidence was adduced that there was a computer available to be stolen — certainly could have belonged either to Fulgham or her husband, or to both. The State offered no proof either way. The jury could not have concluded that Fulgham unlawfully took her husband’s computer without some proof that the computer, in fact, was not hers. Such a finding, without any proof, would require pure speculation, and it certainly could not have been proven beyond a reasonable doubt. And as for the money, the State offered no proof that the money found on Fulgham belonged to her husband. Again, the jury was required to speculate.
¶ 91. But the important point is that, because the indictment did not identify the property Fulgham was alleged to have stolen, she was required to appear at trial and defend the State’s claim that she had stolen something, even though she was not told what it was. Had the indictment identified the alleged stolen property, she would have had a fair opportunity to defend the charge. For instance, if the indictment had informed her that the alleged stolen property was a computer (as the prosecutor suggested in closing argument), she perhaps could have produced a receipt or other evidence showing it actually belonged to her.
¶ 92. This Court has held that “[i]n the context of capital murder, ... a bare allegation of robbery in an indictment, without further specification of the facts in support of that, is sufficient.” State v. Berryhill, 703 So.2d 250, 256 (Miss.1997) (citing Mackbee v. State, 575 So.2d 16, 85 (Miss.1990)). See also Bullock v. State, 391 So.2d 601, 606 (Miss.1980); Bell v. State, 360 So.2d 1206, 1208-09 (Miss.1978). I respectfully disagree with this analysis. A careful look at these cases reveals that this conclusion is based on the interpretation of a statute, specifically Mississippi Code Section 99-17-20. However, it is our state and federal constitutions, above all else, that govern the requirements of an indictment, specifically the right to due process of law and the right “to be informed of the nature and cause of the accusation.” U.S. Const, amend. VI. See also U.S. Const, amend. XIV; Miss. Const, art. 3, §§ 14, 26.
¶ 93. Mississippi Code Section 99-17-20 (Rev.2006) provides, in relevant part,
Any conviction of the accused for an offense punishable by death shall not be valid unless the offense for which the accused is convicted shall have been set forth in the indictment by section and sub-section number of the Code which defined the offense allegedly committed by the accused.
This Court has relied on this language to hold that an indictment for capital murder, where the killing was committed while engaged in the commission of one of those felonies enumerated in Mississippi Code Section 97-3-19(2)(e), need not describe the underlying felony. Mackbee, 575 So.2d at 35; Bullock, 391 So.2d at 606; Bell, 360 So.2d at 1208-09. These holdings conflict with this Court’s well-established rule that any citation to a code section cannot properly charge a crime, and that it is the language of the charging document that informs a defendant of the specific crime he or she is alleged to have committed. Golden v. State, 968 So.2d 378, 386 (Miss.2007); Pearson v. State, 248 Miss. 353, 358-59, 158 So.2d 710, 712 (1963); Bendy v. State, 224 Miss. 208, 213, 79 So.2d 827, 829 (1955).
*344 ¶ 94. A proper indictment provides protection of one’s due process right to adequate notice of the crime the accused is alleged to have committed. Jefferson v. State, 556 So.2d 1016, 1020 (Miss.1989). See also U.S. Const, amend. YI (“In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.”); Miss. Const, art. 3, § 26 (1890) (“In all criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation.”). Further, “from the earliest colonial days in this country it has been the settled rule that a formal accusation is an essential condition precedent to a valid prosecution for a criminal offense.” Woods v. State, 200 Miss. 527, 27 So.2d 895, 896-897 (1946). The Woods Court further opined that an indictment is:
first to furnish the accused such a description of the charge against him as will enable him to prepare his defense and avail himself of the conviction or acquittal against further prosecution for the same offense, and, second to inform the court of the facts alleged, so that it may be able to say whether the facts are sufficient in law to support a conviction if one should be had.
Id. at 897. Citation to a statute, as our Code Section 99-17-20 requires, informs the accused of the nature of the accusation; but it does not inform him or her of the cause, i.e., “you committed a robbery [the cause], and here’s what robbery you committed [the cause].”
¶ 95. The indictment under which Fulg-ham was charged did not provide her an accurate description of the charge against her so that she could adequately prepare her defense. The three elements of robbery are (1) intentional (2) taking and carrying away of another’s property from his person or presence (3) effectuated by force or threat of force, Crocker v. State, 272 So.2d 664, 665 (Miss.1973), and every element of a criminal statute must be properly pled and sufficiently proven in order to permit conviction thereunder. Taggart v. State, 957 So.2d 981, 985-86 (Miss.2007) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). The indictment did not describe the underlying crime of robbery, but simply alleged that Kristi Fulgham did:
unlawfully, wilfully, and feloniously, with or without the design to effect death, kill and murder Joey Fulgham, a human being, without authority of law and not in necessary self defense, while engaged in the commission of the crime of Robbery, in violation of Section 97-3-19(e) [sic] MCA (1972)....
Fulgham was never put on notice of what personal property she was alleged to have taken, or from whom the property was taken, or that the property was taken “by force or threat of force.” Crocker, 272 So.2d at 665; Miss.Code Ann. § 97-3-73 (Rev.2006). Indeed, were Fulgham charged with robbery alone, the indictment would fall woefully short.
¶ 96. Moreover, the indictment does not even meet the basic requirements of Mississippi Code Section 99-17-20, discussed above, because it does not “set forth in the indictment by section and sub-section number of the Code which defined the offense allegedly committed by the accused.” The indictment references “Section 97-3-19(e),” but the proper citation is 97-3-19(2)(e). Further, in violation of Section 99-17-20, it does not cite any robbery statute; and this charge, under the State’s apparent theory of the case, is not a capital offense, absent robbery.
¶ 97. Indictments must contain a “plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defen *345 dant of the nature and cause of the accusation.” URCCC 7.06. See also U.S. Const, amends. VI, XIV; Miss. Const, art. 3, §§ 14, 26. Despite our prior cases to the contrary, the indictment in the present case could not have satisfied these constitutional requirements.
¶ 98. Furthermore, the jury was not instructed as to what property Fulgham is alleged to have stolen. Incredibly, the only clue came from the prosecutor’s closing argument. Thus, it is my opinion that the indictment was insufficient, the proof of robbery was insufficient, and the jury instruction on robbery was insufficient.
¶ 99. None of these issues was raised on appeal. However, Fulgham’s appellate counsel was the same as her trial counsel, so she will have an opportunity (should she so desire) to raise the issues in a properly filed petition for post-conviction relief.
¶ 100. For the reasons stated, I specially concur.
DICKINSON, J., JOINS THIS OPINION.

. There was very minimal proof that a corn-puter was stolen — only indentations in the *343 carpet where a computer might have been.