# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00218-COA

**JOE M. GILLESPIE A/K/A JOE MITCHELL**          **APPELLANT**
**GILLESPIE A/K/A JOE GILLESPIE**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2015 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ROBBERY AND SENTENCED AS A HABITUAL OFFENDER TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     An Oktibbeha County jury convicted Joe Gillespie of robbery. The trial court sentenced him as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole or probation. Finding no error, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2.     In October 2013, at approximately 11 p.m., two Mississippi State University freshmen, Kristopher Pritchard and Nicholas Zander, went to eat at a Sonic fast-food establishment in Starkville, Mississippi. After going to Sonic, Zander asked Pritchard to stop at a nearby convenience store to purchase some cigarettes. They pulled up to a Chevron gas station with an adjacent liquor store. As they parked, both men noticed a very tall African American male with tattoos on his neck standing against the building. He was later identified as Gillespie. While Zander went inside the gas station, Gillespie approached Pritchard's vehicle. Pritchard rolled down his window, and Gillespie asked him for a couple of dollars. Pritchard agreed. As Pritchard took out his wallet, Gillespie reached in through the window and grabbed it. The two men briefly struggled for the wallet, but Gillespie snatched it away and ran off. Pritchard jumped out of his vehicle to chase Gillespie and retrieve his wallet. As Zander came out of the store, Pritchard asked him to help. Both men chased Gillespie around the side of the store into a wooded area, where they lost Gillespie.

¶3.     Pritchard called 911. When law enforcement arrived, Pritchard described the robbery and perpetrator. The next day, Pritchard gave a formal statement at the police station, and positively identified Gillespie from a photo lineup. Gillespie was arrested several days later.

¶4.     At trial, Pritchard and Zander testified for the State, as well as the interviewing detective. Pritchard identified Gillespie in open court as the robber. Zander also identified Gillespie as the man standing against the liquor store, wearing a striped polo-style shirt, whom they chased. On cross-examination, Zander admitted he only saw the back of

2

Gillespie.

¶5.     While Gillespie did not testify, the defense's theory of the case, suggested throughout trial, was that Pritchard called Gillespie over to his vehicle when they pulled up to the convenience store and asked Gillespie to get him some drugs. Further, the defense suggested that Pritchard fabricated the robbery incident when Gillespie took Pritchard's money and did not return with drugs.

¶6.     The jury found Gillespie guilty of robbery. He was sentenced, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), to serve fifteen years in the custody of the MDOC. Gillespie timely appealed his conviction and sentence.

## ANALYSIS

¶7.     Gillespie raises one issue: whether the evidence was sufficient to support the verdict of guilty. In reviewing the sufficiency of the evidence, the court must determine whether, when "viewing the evidence in the light most favorable to the prosecution," any rational juror could have found that the State proved each element of the crime charged beyond a reasonable doubt. *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). All credible evidence consistent with the defendant's guilt will be accepted as true, as well as all favorable inferences that may be reasonably drawn from the evidence. *Robinson v. State*, 940 So. 2d 235, 240 (¶13) (Miss. 2006) (citation omitted).

¶8.     Gillespie was charged with robbery under Mississippi Code Annotated section 97-3-73 (Rev. 2014). The essential elements of robbery are: "(1) felonious intent, (2) force or

3

putting in fear as a means of effectuating the intent, and (3) by that means, taking and carrying away the personal property of another from his person or in his presence." *Smith v. State*, 913 So. 2d 365, 367 (¶13) (Miss. Ct. App. 2005) (quoting *Crocker v. State*, 272 So. 2d 664, 665 (Miss. 1973)). Gillespie claims the State failed to prove beyond a reasonable doubt that Gillespie stole Pritchard's wallet, because Zander did not "thoroughly corroborate" Pritchard's testimony about the robbery. Zander admitted that he only saw the individual Pritchard was chasing from behind, and a person other than Gillespie could have been wearing the striped shirt.

¶9.     We are not persuaded by this argument. The Mississippi Supreme Court has held: "[T]he testimony of a single uncorroborated witness is sufficient to sustain a conviction." *Whitlock v. State*, 47 So. 3d 668, 676 (¶22) (Miss. 2010) (quoting *Derouen v. State*, 994 So. 2d 748, 752 (¶9) (Miss. 2008)). Pritchard's testimony supplies evidence sufficient for a jury to find the elements of robbery beyond a reasonable doubt. Pritchard identified Gillespie as the individual who took his wallet from a photo lineup due to Gillespie's facial features and the distinctive tattoo on his neck. Pritchard also identified Gillespie in open court. Pritchard's testimony was not contradicted or impeached by Zander's account of the robbery – in fact, Zander's testimony corroborates Gillespie's testimony. Zander had a different, less clear vantage point for identifying Gillespie, but he too positively identified Gillespie as the person he chased to get Pritchard's wallet back. Zander testified the perpetrator was wearing a striped shirt and had neck tattoos. The individual was the same height and build, and was wearing the same striped polo-style shirt, as the individual standing in front of the liquor

4

store when they arrived.  Zander made an in-court identification of Gillespie as well.  We conclude there was sufficient evidence to support Gillepsie's conviction of robbery.

¶10.    **THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF ROBBERY AND SENTENCE AS A HABITUAL OFFENDER OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**